IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS PETTIT, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-115 |
| | : | |
| v. | : | Judge Morrison |
| | : | |
| JAMES MORROW, et al., | : | Magistrate Judge Vascura |
| | : | |
| Defendants. | : | |

### ANSWER OF DEFENDANTS

Defendants James Morrow ("Sgt. Morrow"), Joseph Podolski ("Sgt. Podolski"), Kenneth Dale ("Officer Dale"), and Glenn Thivener ("Officer Thivener") (collectively referred to as "Defendants"), by counsel, state as follows for their answer to the complaint:

1. In response to the paragraph labeled "Introduction," Defendants admit that on or about April 24, 2019, Plaintiff was standing on his porch while SWAT officers were executing a search warrant at a house across the street from the Plaintiff's house. Defendants admit that the SWAT officers spoke with several occupants of the house being searched. Defendants admit that the Plaintiff was filming the SWAT officers with his cellphone. Defendants admit that they told Plaintiff to go inside for his own safety. Defendants admit the Plaintiff did not go inside. Defendants admit that two or three officers entered the property the Plaintiff was on and asked him to go inside. Defendants admit that when Plaintiff refused to stop interfering with official business, they placed him on the porch floor and secured him in handcuffs. Defendants deny any and all remaining allegations in the introductory paragraph.

2. In response to paragraph 1 of the complaint, Defendants admit that the complaint seeks relief under the United States Constitution, but deny that there has been any constitutional

violation and deny that Plaintiff is entitled to any relief. In further response to paragraph 1 of the complaint, Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. §1331. Defendants admit this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

3. Defendants admit the allegations contained in paragraph 2 of the complaint.

4. In response to paragraph 3 of the complaint, Defendants admit Nicholas Pettit is 35-years-old. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the complaint.

5. In response to paragraph 4 of the complaint, Defendants admit that Sgt. Morrow is a Sergeant in the Columbus Police Department (CPD). Defendants deny the remaining allegations contained in paragraph 4 of the complaint.

6. In response to paragraph 5 of the complaint, Defendants admit that Sgt. Podolski is a Sergeant with CPD. Defendants deny the remaining allegations in paragraph 5 of complaint.

7. In response to paragraph 6 of the complaint, Defendants admit that Officer Thivener is a CPD officer. Defendants admit that Officer Dale was a CPD officer at the time of the subject of this complaint. Defendants deny the remaining allegations contained in paragraph 6 of the complaint.

8. Defendants admit the allegations in paragraph 7.

9. In response to paragraph 8 of the complaint, Defendants admit that on April 24, 2019, at approximately 8:00 p.m., Nick Pettit came out onto his front porch. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

10. Defendants admit the allegations in paragraph 9 of the complaint.

11. In response to paragraph 10 of the complaint, Defendants admit that one to two houses south from Mr. Pettit, additional police and SWAT officers and additional police vehicles were present. The additional police included Officer Thivener, Officer Dale, and Sgt. Morrow.

12. In response to paragraph 11 of the complaint, Defendants admit the police were there to execute a search warrant for alleged unlawful weapons in a home diagonally across the street from Mr. Pettit's residence. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11.

13. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

14. Defendants deny the allegations contained in paragraph 13 of the complaint.

15. In response to paragraph 14 of the complaint, Defendants admit that Mr. Pettit saw and recorded on video, an officer strike a male in the face. Defendants deny the remaining allegations in paragraph 14 of this complaint.

16. In response to paragraph 15, Defendants admit Mr. Pettit shouted, "hey you ain't supposed to smack him like that, the fuck is wrong with you? Hey I got all that shit on camera, what's your name bro? Hey you ain't supposed to smack him in the face, the fuck is wrong with you." Defendants deny the remaining allegations contained in paragraph 15.

17. Defendants admit the allegations in paragraph 16 of the complaint.

18. In response to paragraph 17, Defendants admit Mr. Pettit said "hell no man, I'm on my private property, you can't come over here and do nothing to me."

19. In response to paragraph 18, Defendants admit Officers Thivener and Dale, followed by Sgt. Morrow, crossed the street from their position one to two houses south from the search warrant location, and toward Mr. Pettit's home.

20. In response to paragraph 19, Defendants admit that Officers Thivener, Dale, and Sgt. Morrow, entered the gate at 272 Midland Avenue. Officer Thivener stated, "get in the house," "go in the house", "you're under arrest".

21. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

22. In response to paragraph 21 of the complaint, Defendants admit Officer Thivener and Dale placed Mr. Pettit under arrest.

23. In response to paragraph 22, Defendants admit that in the process of being arrested, Mr. Pettit stated, "I didn't even do nothing except record this whole situation." Defendants deny the remaining allegations in paragraph 22.

24. In response to the allegations in paragraph 23 of the complaint, Defendants admit Mr. Pettit's cell phone was seized as a result of his arrest.

25. In response to the allegations in paragraph 24 of the complaint, Defendants admit the phone dropped and it was seized as a result of his arrest. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24.

26. Defendants deny the allegations contained in paragraph 25 of the complaint.

27. Defendants admit so much of the allegations in paragraph 26 of the complaint as alleges that a female was on the porch. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26.

28. Defendants deny the allegations contained in paragraph 27 of the complaint.

29. In response paragraph 28 of the complaint, the Defendants admit Ms. Pettit did call 911 to report that SWAT Police were at her house, had shoved her, and had punched and

arrested her brother-in-law.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28.

30. In response to paragraph 29 of the complaint, the Defendants admit that Officers Thivener and Dale took Mr. Pettit to a police vehicle down the street.  Defendants deny the remaining allegations in paragraph 29 of the complaint.

31. Defendants admit the allegations in paragraph 30 of the complaint.

32. In response to paragraph 31 of the complaint, Defendants admit that Columbus Police Officers Taylor and Daniel detained Mr. Pettit on outstanding felony warrants; put him in a police vehicle, drove him for processing to a police building; and then drove him to Franklin County Jail that night.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the complaint.

33. In response to paragraph 32 of the complaint, Defendants admit that Sgt. Morrow assisted while an officer arrested Mr. Pettit, secured Mr. Pettit's phone, and took him into police custody. Defendants deny the remaining allegations in paragraph 32 of the complaint.

34. In response to paragraph 33 of the complaint, Defendants admit that on April 29, 2019, Mr. Pettit was charged with Misconduct at an Emergency, under R.C. 2317.13(a)(1). Defendants deny the remaining allegations in paragraph 33 of the complaint.  Mr. Pettit was held in jail on outstanding felony warrants.

35. Paragraph 34 of the complaint has language from Columbus City Code 2317.13(a) (1), and the referenced code speaks for itself.

36. In response to paragraph 35 of the complaint, Defendants admit that on April 29, 2019, Officer Thivener submitted a complaint and affidavit in support of probable cause for Mr.

Pettit. Defendants admit that the complaint and affidavit in support of probable cause for Mr. Pettit included "yelling" as a basis for his arrest.

37. Defendants deny the allegations in paragraph 36 of the complaint.

38. In response to paragraph 37 of the complaint, Defendants admit on or about October 7, 2019, the charge was dismissed at the request of the prosecutor.

39. Defendants deny the allegations in paragraph 38 of the complaint.

40. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the complaint.

41. Paragraph 40 contains quotes from a video clip, and the video speaks for itself.

42. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the complaint.

43. Defendants deny the allegations in paragraph 42 of the complaint.

44. In response to paragraph 43 of the complaint, Defendants incorporate paragraphs 1 through above as if fully restated herein.

45. In response to paragraph 44 of the complaint, the First Amendment to the United States Constitution speaks for itself.

46. In response to paragraph 45 of the complaint, Defendants admit that Plaintiff was arrested and his phone was seized. Defendants deny that any actions were motivated by the Plaintiff's exercise of his First Amendment rights.

47. Defendants deny the allegations in paragraphs 46, 47, 48, and 49.

48. In response to paragraph 50 of the complaint, Defendants incorporate paragraphs 1 through 47 above as if fully restated herein.

49. Defendants deny the allegations in paragraph 51, 52, 53, and 54.

50. In response to paragraph 55 of the complaint, Defendants incorporate paragraphs 1 through 49 above as if fully restated herein.

51. Defendants deny the allegations in paragraphs 56 and 57.

52. Defendants deny each and every allegation made in the Plaintiff's complaint that has not been specifically and unequivocally admitted in any of the forgoing paragraphs of this answer.

### FIRST DEFENSE

53. The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

54. Defendants, at all times relevant, were acting in conformity with applicable state and federal laws and regulations, and are entitled to qualified immunity.

### THIRD DEFENSE

55. Defendants are entitled to all applicable defenses, immunities, setoffs and limitations on liability as provided in Ohio Revised Code Chapter 2744.

### FOURTH DEFENSE

56. Plaintiff's injuries, if any, were caused solely by his own acts and/or omissions.

### FIFTH DEFENSE

57. Plaintiff has failed to join necessary and indispensable parties.

### SIXTH DEFENSE

58. The complaint fails to state a claim for punitive damages against the Defendants upon which relief can be granted.

## SEVENTH DEFENSE

59. Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

## EIGHTH DEFENSE

60. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

## NINTH DEFENSE

61. Defendants reserve the right to raise additional defenses that may become appropriate as the case and discovery proceeds.

**WHEREFORE**, Defendants Sgt. Morrow, Sgt. Podolski, Officer Dale, and Officer Thivener respectfully request that this Court issue an order dismissing Plaintiff's Complaint, assessing costs to Plaintiff, and awarding any other relief deemed necessary and just by this Court.

Respectfully submitted,

s/ Janet R. Hill Arbogast
Janet R. Hill Arbogast (0061955)
Sheena D. Rosenberg (0088137)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 N. Front Street, 4th Floor
Columbus, Ohio 43215
Phone: (614) 645-7385
Fax: (614) 645-6949
jrhillarbogast@columbus.gov
sdrosenberg@columbus.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on this 23rd day of April 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

 s/ Janet R. Hill Arbogast
Janet R. Hill Arbogast (0061955)
Assistant City Attorney